CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 27, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Cecil D. Francis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:24-cv-00387 |
| | ) | |
| Dr. Mullins *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Cecil D. Francis, a prisoner proceeding *pro se*,[1] brought this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights that arose when he was incarcerated at Wallens Ridge State Prison ("WRSP"). (Compl. (Dkt. 1).) Francis alleges claims for deliberate indifference to his serious medical needs, negligence, and retaliation against him in violation of the First Amendment. One of the defendants, Dr. Mullins, moves for summary judgment, arguing that Francis did not exhaust his administrative remedies. (Dkt. 19.)[2] Francis did not respond to this motion, which will be granted for the reasons stated below.

[1] Francis is a Virgin Islands inmate incarcerated in Virginia. (Dkt. 1-1 at 18.)

[2] Francis also sued three John or Jane Doe defendants and "Hospital/Western Virginia Regional Emergency Physicians, LLC." The Doe defendants have been dismissed. (Dkt. 23.) The hospital has not been served and the court issued an order directing Francis to provide an address to serve the hospital. (Dkts.15, 25.)

## I. Background

### A. Plaintiff's Allegations

Francis alleges that he submitted an emergency grievance on January 11, 2022, due to "tremendous amount of pain within abdomen and penis." (Compl. at 6.) Francis did not receive confirmation that the grievance was received. (*Id.* at 8.) Eventually, he was escorted to a medical unit for the emergency. (*Id.*) On arrival, Francis was not evaluated because medical staff were occupied with other prisoners. (*Id.*) In addition to the pain, Francis complained about blood in his urine. (*Id.*) These complaints were ignored and Frances was returned to the housing unit. (*Id.*.) Francis alleges that he was retaliated against for filing an emergency grievance. (*Id.* at 10.)

Francis was informed that he would be scheduled for an appointment with Dr. Mullins after his two-week vacation. (*Id.* at 8.) The pain became worse during this period, and Francis found blood in his urine. (*Id.*) Upon his return, Dr. Mullins told Francis that he had not been scheduled for an appointment. (*Id.*)

On January 15, 2022, Francis experienced another medical emergency based upon the same symptoms as the January 11 incident. (*Id.*) Francis could not walk and suffered from "temporary paralysis." (*Id.*) He was placed in a medical unit and was unable to control his bowel movements. (*Id.*) Dr. Mullins placed a catheter in Francis' penis to aid his bowel movements on January 18. (*Id.*) It was removed and replaced on January 31 and February 9, respectively, because Francis could not urinate. (*Id.*)

Francis was taken to a hospital on January 24, 2022, but he sat in the lobby for 24 hours without being treated. (*Id.* at 9.) Francis alleges that he received a bill on October 7, 2022, for services not rendered. (*Id.* at 9.)

On May 5, 2022, Francis returned to the hospital for prostate resection surgery. Francis alleges that surgery could have been avoided if he was given medical care in January 2022. (*Id.*) While the surgery was "alleged to be successful," Francis still experiences pain that will not go away with medication. (*Id.*) Francis was scheduled to see an off-site specialist on June 27, 2022, but the appointment was cancelled and never rescheduled. (*Id.*)

**B. Facts in Support of Motion for Summary Judgment**

In support of his motion for summary judgment, Dr. Mullins provides the affidavit of C. Vilbrandt, grievance coordinator at WRSP. (Vilbrandt Aff. (Dkt. 20-1).) Vilbrandt describes the Grievance Procedure for facilities within the Virginia Department of Corrections ("VDOC"). (*Id.* ¶¶ 5–14 (discussing the procedural requirements of VDOC Operating Procedure 866.1).)

VDOC records indicate that Francis was incarcerated at WRSP from December 22, 2014, to September 16, 2022, when he was transferred to Keen Mountain Correctional Center. (*Id.* ¶ 16.) Francis submitted an Informal/Written Complaint, dated January 11, 2022, complaining that he was urinating on himself and there was blood in his urine and that he spoke with Sgt. Miller about going to medical. (*Id.* ¶ 19.) Nurse Townsend responded to this complaint on January 19 and wrote that he was currently housed in medial. (*Id.* ¶ 20, Encl. C.) Francis did not submit a Regular Grievance regarding these issues after receiving a response to the Informal/Written Complaint from Nurse Townsend. (*Id.* ¶ 21.) . Based on

Francis's Grievance Report, it appears that Francis later filed an Informal/Written Complaint on May 10, 2024 about his severe health issues and denial of proper medical attention, when he was housed at Keen Mountain Correctional Center, but did not submit a Regular Grievance after receiving a response to this complaint. (*See* Vilbrandt Aff., Encl. B.) According to Vilbrandt, Francis took only the preliminary step of filing an Informal/Written Complaint about medical issues. (*Id.* ¶ 25.)

Further, Francis did not even take the first step towards exhaustion of his administrative remedies by following the grievance procedure with respect to his retaliation allegations. (*Id.* ¶ 27.) According to his Grievance Report, Francis did not file any Informal/Written complaint regarding retaliation, nor did he follow any of the subsequent steps in the grievance procedure. (*Id.*) His grievance file also does not include any Emergency Grievances related to medical care or retaliation. (*Id.* ¶ 26.) Francis was required to first file an Informal/Written Complaint based upon his allegations and then file a timely Regular Grievance, followed by an appeal through all available levels. (*Id.* ¶ 24.) But he did not.

## II. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the nonmoving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). When ruling on a summary judgment motion, the court should

consider the parties' pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. *Celotex Corp.*, 477 U.S. at 322. "The nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Johnson v. United Parcel Serv., Inc.*, 839 F. App'x 781, 783 (4th Cir. 2021) (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)).

## III. Analysis

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must ordinarily follow the required procedural steps to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). The requirement is one of "proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citation omitted) (cleaned up). On the other hand, a prisoner "need not exhaust remedies if they are not available," *Ross v. Blake*, 578 U.S. 632, 636 (2016) (citation omitted), which may be the case "if a prisoner, through no fault of his own, was prevented from availing himself of it," *Moore*, 517 F.3d at 725.

Dr. Mullins provided evidence in support of his motion for summary judgment that Francis did not exhaust his administrative remedies by pursuing any grievances through the applicable levels of review pursuant to VDOC OP 866.1. (Vilbrandt Aff. ¶¶ 24–27.) Francis

did not respond to this evidence and has not provided any evidence pertaining to exhaustion.[3] Thus, there are no genuine issues of fact on the exhaustion issue, and Dr. Mullins is entitled to summary judgment.

## IV. Conclusion and Order

For the reasons stated in this opinion, Dr. Mullins' motion for summary judgment (Dkt. 19) is **GRANTED**, and plaintiff's claims against Dr. Mullins are **DISMISSED** without prejudice. The Clerk shall transmit a copy of this order to Francis and to counsel for Dr. Mullins.

**IT IS SO ORDERED.**

**ENTERED** this 27th day of October, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

[3] Francis' complaint refers to certain grievance activity, (Compl. at 8–10), but the complaint is not verified. *See Monchery v. Dryden*, Civil Action No. 7:23-cv-00461, 2025 WL 2842399, at *8 (W.D. Va. Oct. 7, 2025) (explaining that an unverified complaint cannot be considered for purposes of summary judgment) (citing *Goodman v. Diggs*, 986 F.3d 493 (4th Cir. 2021)).